# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**DENA LYNN GREEN**                                              **PLAINTIFF**

v.                                   **No. 3:16-CV-00074-JTK**

**NANCY A. BERRYHILL,**
Acting Commissioner,
Social Security Administration                                    **DEFENDANT**

## ORDER AFFIRMING THE COMMISSIONER

Dena Green applied for social security disability benefits with an amended alleged onset date of December 1, 2010. (R. at 33). After a hearing, the administrative law judge (ALJ) denied Green's applications. (R. at 20). The Appeals Council declined review. (R. at 1). The ALJ's decision stands as the Commissioner's final decision, and Green has requested judicial review. The parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court affirms the ALJ's decision.

I.     **The Commissioner's Decision**

The ALJ found that Green had the severe impairments of bronchitis/asthma; degenerative disk disease; degenerative joint disease; arthritis; medial meniscus tear; obesity; and anxiety. (R. at 11). The ALJ then determined that Green had the residual functional capacity to perform less than the full range of sedentary work, specifically that she could lift and/or carry up to 10 pounds occasionally; sit six hours in an eight hour day; stand and walk a total of two hours in an eight hour day; occasionally stoop, crouch, bend, kneel, crawl, and balance; perform work that is simple, routine, and repetitive with supervision that is simple, direct, and concrete; would be unable to tolerate excessive exposure to dust, smoke, fumes, and other pulmonary irritants; and

would require a cane to work. (R. at 14). Having taken testimony from a vocational expert (VE), the ALJ then found that Green could not return to her past relevant work. (R. at 18). However, the ALJ found that Green could perform such jobs as a food order clerk or a charge account clerk. (R. at 19). Accordingly, the ALJ determined that Green was not disabled at step 5 of the five-step evaluative process. (R. at 20).

## II. Discussion

Green argues that the ALJ erred in determining her RFC and failed to present a proper hypothetical to the VE. Specifically, she argues that she is unable to effectively ambulate, that her obesity was not accounted for, and that the ALJ did not account for her need to keep her legs elevated.

This Court will affirm the ALJ's decision if it is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Even if it is possible to draw two inconsistent positions from the evidence, the Court must affirm if one of those positions represents the ALJ's findings. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

While Green argues for additional limitations that the ALJ did not include, she cites to no medical evidence supporting those limitations. She notes numerous findings relating to the degenerative joint disease in her knee, but the ALJ fully considered her history of knee problems. (R. at 16–17). Additionally, while Green takes issue with the ALJ's focus on her use of a cane for balance, this was the wording used by her own doctor. (R. at 16, 590). Her doctor even noted that "she feels like she is getting around okay." (R. at 590). The ALJ included the use of a cane in the RFC, so it is unclear how the ALJ's statements regarding her use of a cane are either inaccurate or prejudicial.

The record is also devoid of any physician's opinion imposing additional limitations on Green due to her obesity. Further, the ALJ specifically considered her obesity in the opinion, noting that it "most likely complicates her knee and back problems, as well as her respiratory impairments." (R. at 17).

Green also maintains that her use of narcotic pain medication precludes the ability to work due to side effects. However, she reported that she suffered no side effects from the use of her medication. (R. at 208). She also stated that her pain lasts "until I take my medicine." (R. at 207). If an impairment can be controlled with medication, it cannot be considered disabling. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014).

Green briefly summarizes listings 1.03 and 1.02 but makes no clear argument as to their application. However, as Green can ambulate effectively, she meets neither listing. 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

As to Green's alleged need to elevate her legs, there is no medical evidence showing that she needs to do so. The only evidence suggesting that she needs to elevate her legs comes from her testimony. (R. at 34–35). The ALJ discredited Green's subjective allegations for legally sufficient reasons. (R. at 15–18). She also does not challenge the ALJ's credibility determination and has not demonstrated that it was inadequate.

Concerning the hypothetical question posed to the VE, the ALJ's question included all of the limitations identified in the RFC, and Green has failed to show that the ALJ excluded any limitation that is supported by substantial evidence on the record as a whole. As such, the hypothetical question was sufficient.

### III. Conclusion

A reasonable mind would find that the evidence is adequate to support the ALJ's decision. The ALJ properly determined Green's RFC and posed a proper hypothetical question to the VE. The decision of the ALJ is hereby affirmed.

It is so ordered this 22nd day of May 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE